MEMORANDUM **
This case arises out of allegations of unconstitutional arrests and race diserimination at Hug High School (“HHS”) in Reno, Nevada. Zina Williams, the mother of Cornelius Perry and guardian of Terry Rollins, both African-American former students at HHS, appeals the district court’s summary judgment order in favor of the Washoe County School District on her Fourth Amendment, Title VI, and state law causes of action. We review a grant of summary judgment de novo. See Universal Health Servs. Inc. v. Thompson, 363 F.3d 1013, 1019 (9th Cir.2004). We affirm.
1. Under Nevada law, one who “[wjillfully goes or remains upon any land or in any building after having been warned by the owner or occupant thereof not to trespass[ ] is guilty of a misdemean- or.” Nev.Rev.Stat. § 207.200. Washoe County School District regulations make clear that violations of state law are enforced on school property, specifically providing that one who remains on school property without permission after receiving a warning to leave will be trespassing under the generally applicable criminal laws. See Washoe County Sch. Dist. Admin. Reg. 5144.1; see also Nev.Rev.Stat. § 393.410. The 15-Minute Rule does not, as Williams maintains, redefine the criminal trespassing statute or the school district’s regulations, but instead simply denies students permission to remain on campus after their school day has ended. As such, it is a valid exercise of school administrators’ disciplinary authority. See Nev.Rev.Stat. § 391.210; Washoe County Sch. Dist. Admin. Reg. 5144.
Williams argues nevertheless that the 15-Minute Rule violates the students’ contractual right to be at school, and, al *690 though she acknowledges that there is no Nevada authority for such a right, Williams asks us to derive one based on the state’s compulsory attendance laws. We decline to find such a right applicable to Perry and Rollins because, even if there existed some right to be at school in light of compulsory school attendance laws, such a right would not extend to the right to be on school grounds after the period of compulsory attendance had ended.
It is undisputed that Perry and Rollins had notice of the 15-Minute Rule denying them permission to be on school property at the time of their arrests, that they were repeatedly warned to leave the school gymnasium before their arrests, and that they failed to leave as requested by school personnel. School police officers, therefore, had probable cause to arrest them for trespassing as defined by Nevada law, and the arrests did not violate the students’ Fourth Amendment rights. See Rodis v. City & County of S.F., 558 F.3d 964, 969 (9th Cir.2009).
2. Williams has not provided evidence sufficient to survive summary judgment on the Title VI claim that the school district had notice of, and was deliberately indifferent to, intentional racial discrimination against Perry and Rollins. See Monteiro v. Tempe Union High Sch. Dist., 158 F.3d 1022, 1033-34 (9th Cir.1998). The only evidence of intentional discrimination against Perry and Rollins is their sworn statements that Officer Underhill referred to them using offensive racial epithets. Although that evidence could well be sufficient to preclude summary judgment against Underhill were he still a defendant, there is no evidence that the school district had notice of Underhill’s allegedly discriminatory tendencies nor any evidence of intentional racial discrimination by any school officials after Williams filed her citizen complaint in response to the incident involving Underhill. In particular, that Perry and Rollins did not receive graduation specialist services does not, by itself, indicate intentional racial discrimination, as there is no evidence that any other students, particularly any similarly situated, non-minority students, were receiving such services.
3. Williams has not presented any evidence that the school district failed to use reasonable care in the training, supervision, or retention of Officer Underhill as a school police officer. See Hall v. SSF, Inc., 112 Nev. 1384, 930 P.2d 94, 99 (1996). Even assuming that Underhill failed a psychological examination, Williams has not demonstrated any causal relationship between this failure and Underhill’s allegedly racially discriminatory treatment of Perry and Rollins. Nor has Williams established any causal connection between any alleged failure of Underhill to make a transition from a street police officer to a school police officer and any racially discriminatory actions by Underhill. Summary judgment on the state law negligent training and supervision cause of action was therefore proper.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.